John E. Feeley, SBN 115598
Email: *jfeeley@insurlaw.com*
Glen A. Stebens, SBN 91138
Email: *gstebens@insurlaw.com*
SMITH SMITH & FEELEY LLP
16330 Bake Parkway
Irvine, California 92618
Telephone: 949.263.5920
Facsimile:  949.263.5925

Attorneys for Defendant, HARTFORD CASUALTY INSURANCE COMPANY, erroneously sued as The Hartford Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MUHAMMAD AKHTAR,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE HARTFORD INSURANCE COMPANY, and DOES 1 to 10,<br><br>　　　　　Defendants. | Case No.: EDCV 11-1974-JVS(OPx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date Filed:   October 11, 2011<br>Trial Date:   None set<br>==NOTE CHANGES MADE BY THE COURT PG. 7, LN 13-14.== |

　　　COME NOW Plaintiff, Dr. Muhammad Akhtar, and Defendant, Hartford Casualty Insurance Company ("Hartford"),[1] erroneously sued as The Hartford Insurance Company, which propose the following Protective Order ("Protective Order"):

　　　WHEREAS the Parties intend to produce documents, testimony, discovery responses and other information which may contain confidential information (collectively referred to as "Confidential Materials");

---

[1] Plaintiff and Hartford collectively shall be referred to as "the Parties."

WHEREAS Hartford has objected to producing or disclosing Confidential Materials in this action absent execution by the Parties and approval and entry by the Court of an appropriate protective order to protect and prevent the unauthorized use or disclosure of Confidential Materials;

NOW, THEREFORE, to protect the Parties' rights in their Confidential Materials and minimize the need for judicial intervention, the Parties, by and through their respective counsel, hereby stipulate as follows:

1. In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to procedures, claims handling practices and files, underwriting criteria and procedures, attorney communication, personal and privileged material, which information may have the effect of causing harm to competitive positions of the respective Parties from whom the information was obtained.

By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. The Parties may designate documents, materials or other information to be produced or disclosed during discovery or other proceedings in advance of trial, by marking such items with the designation "Confidential." This "Confidential" designation shall automatically make such items "Confidential Materials" within the meaning of this Protective

Order.  Each page so designated shall be individually marked "Confidential."  In the case of information disclosed in or by a non-paper medium (e.g., videotape, audiotape, computer disk or other tangible thing), the "Confidential" designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  All copies, prints, or other productions, summaries, notes, synopses or any other memorialization of Confidential Materials, or other information contained therein, shall be deemed Confidential Materials subject to this Protective Order.

3. In the event that a party or outside counsel of record for any party at any time believes that designated "Confidential" information should not be so designated, or that a different designation should be employed, such counsel shall so notify counsel for the designating party in writing. Counsel of record for the complaining and designating parties then shall meet and confer in good faith concerning the disputed designation within thirty (30) days of receipt of the notice.  If an agreement is not reached within those thirty (30) days, the designating party shall have thirty (30) days from the last day of the meet and confer time period to apply to the Court for an order that the designation be retained, or other protection be provided to the Confidential Materials.  If no motion is brought by the designating party within this thirty- (30) day period, the information will be de-designated, will be considered non-confidential information, and will not be subject to this Protective Order.  If any motion is brought under this paragraph, the designating party bears the burden of proof that it is entitled to the protection requested based on any applicable statutory, regulatory or case law.

4. The Parties agree to use the Confidential Materials only for the limited purpose of this litigation.  The Parties agree that, other than as

permitted in this Protective Order, the Confidential Materials shall not be published, disclosed, or made available to any other person or entity for any purpose whatsoever without prior written consent of the producing party or pursuant to written order of this Court.

5. The Parties shall only disclose the Confidential Materials as necessary to the following persons:

(a) Counsel of record for the Parties (including in-house attorneys), their employees, their staff and their support personnel (including any outside vendor for simple reproduction, computer scanning, or photocopying);

(b) To the Parties' management, employees and staff;

(c) Persons who are being prepared by counsel to give testimony at deposition or trial, or who are being examined by counsel at deposition or at trial;

(d) To independent experts or consultants employed or retained by the Parties or their trial counsel of record to perform investigative work, research, analysis, expert testimony and other services specifically related to the prosecution, defense or settlement of this action only;

(e) To Hartford's insurers, reinsurers, regulators, auditors and consultants;

(f) To the Court and its authorized personnel, including court reporters and clerks engaged in these proceedings; and

(g) To such other persons as hereafter may be designated by written stipulation of the Parties or by order of the Court.

6. Deposition testimony and/or exhibits thereto may be designated as "Confidential" during the deposition or by written notice to all parties within fifteen (15) days of receipt of the final deposition transcript. The

Party seeking to identify the portion of the transcript or the exhibit presented at the deposition as "Confidential" shall notify the deposition reporter to stamp on or otherwise permanently affix "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the pages of deposition testimony during which Confidential Materials are discussed or referenced. In addition, the party seeking the "Confidential" designation shall notify the deposition reporter to stamp or otherwise permanently affix "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" onto the title page of that deposition transcript. Such portions of deposition transcript shall be deemed, as appropriate, Confidential Materials for the purpose of this Protective Order.

7. The Parties shall cooperate to protect Confidential Materials from disclosure to third parties. In the event that disclosure of any Confidential Materials is sought from anyone who is subject to this Protective Order pursuant to a lawful subpoena, demand by a governmental authority or other legal process, such person or entity shall, upon receipt of such request, notify the producing Party within seven (7) days of the request for disclosure. The producing Party may then seek to prevent disclosure by filing a motion for protective order or taking other appropriate action and, in that event, the party in possession of the confidential information will use its best efforts not to disclose the said information until a ruling on such motion is issued from the Court or other governing body.

8. In the event that a Party inadvertently produces a document or information that the producing Party believes is subject to a legally recognized privilege or protection, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or act as estoppel to, any claim of privilege, work product, or other ground for withholding information

that the Party otherwise would be able to assert. However, the producing Party must give written notice to all Parties, within thirty (30) days of learning of the inadvertent production, that the document or information is subject to a claimed privilege or protection, and shall provide information explaining the basis for the invocation of the privilege or protection.

9. Upon receipt of such notice, the receiving Party shall promptly return the material (or portion thereof) that the producing Party claims was inadvertently produced, including any copies that are not destroyed. In the event that only part of a document is claimed to be subject to a privilege or other legal protection, the producing Party shall furnish redacted copies of the document, redacting only those portions that the producing Party claims are privileged.

10. Alternatively, a recipient of the notice provided for in paragraph 8 may retain the document, and inform the producing Party, in writing, that the claim of privilege is disputed. In that event, counsel of record for the producing and receiving Parties shall meet and confer in good faith concerning the disputed assertion of privilege within ten (10) days of receipt of the notice. If an agreement is not reached within those ten (10) days, the producing Party shall have thirty (30) days from the last day of the ten-(10) day meet and confer time period to apply to the Court for an order that the document or information be returned or other protection be provided. If no motion is brought by the producing Party within this thirty- (30) day period, the information will be considered non-privileged, non-protected information. If any motion is brought under this paragraph, the producing Party bears the burden of proof that it is entitled to the privilege or protection requested based on any applicable statutory, regulatory or case law. No Party, however, may use any such document or any information contained in it for any other purpose before: (a) such a motion is resolved,

or (b) the time for filing such a motion has expired.  If the Court rules that the document is privileged, all Parties shall return the document, and any other copies of it in their possession or control, to the producing Party.  If the Court rules that the document is not subject to a privilege or other legal protection, the Parties need not keep the document segregated any longer.  The process described above applies only to disputes concerning inadvertently produced documents and does not apply to disputes regarding documents designated as Confidential, which shall be dealt with pursuant to the terms of paragraph 3 above.

11.   In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the Party using such material shall take all reasonable steps to maintain its confidentiality during such use and shall comply with Local Rule 79.5.   OP

12.   This Protective Order may be modified or amended only by:  (a) written agreement of all Parties or (b) order of the Court.

13.   The provisions of this Protective Order shall apply to any materials produced in connection with this action before, on and after the date this protective Order is entered by the Court.

14.   Upon the final resolution of this action, all persons, including Plaintiff and Hartford and attorneys and experts for Plaintiff and Hartford, who have received Confidential Materials shall, without demand, either (a) destroy or (b) return to Plaintiff's and Hartford's attorneys the Confidential Materials.

15.   Nothing contained in this Protective Order shall preclude the Parties from seeking and obtaining additional protection with respect to the confidentiality of documents or other information, including additional restrictions on disclosure to the parties herein.  Nothing in this Protective

1 Order is intended to or has the effect of diminishing any obligations of
2 confidentiality that the Parties otherwise may have.

3    16.    This Protective Order shall not affect: (a) any party's right to use its own documents or information with complete discretion; (b) any party's right to use documents or information that it has obtained from any source other than a producing party in this action; (c) any party's right to object to any discovery demand on any ground; or (d) any party's right to seek an order compelling discovery with respect to any discovery demand.

   17.    The Protective Order shall survive the termination of this action and continue in full force and effect and the Court shall retain jurisdiction to enforce this Protective Order.

Dated: March 21, 2012         SMITH SMITH & FEELEY LLP


                              By:    /s/ Glen A. Stebens
                                 John E. Feeley
                                 Glen A. Stebens
                                 Attorneys for Defendant HARTFORD
                                 CASUALTY INSURANCE COMPANY,
                                 erroneously sued as The Hartford
                                 Insurance Company


Dated: March 21, 2012         LAW OFFICES OF GREGORY D. ANGUS


                              By:    /s/ Gregory D. Angus
                                 Gregory D. Angus
                                 Attorneys for Plaintiff
                                 DR. MUHAMMAD AKHTAR

APPROVED AND SO ORDERED.

DATED: 3/29/12                _____
                              United States Magistrate Judge